**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>POPOVICH ENTERPRISES, LLC<br><br><br><br>Debtor and Debtor-in-Possession<br><br>(Employer Tax I.D. No. 45-5474422) | ) | CHAPTER 11<br><br>CASE NO. 26-60830<br><br>ADV. CASE. NO.<br><br>JUDGE TIIARA N.A. PATTON |

In Re:

POPOVICH ENTERPRISES, LLC
248 Federal Avenue NW
Massillon, Ohio

Plaintiff,

v.

UNITED STATES
SMALL BUSINESS ADMINISTRATION
409 3rd Street SW
Washington, DC 20024

And

IDEA 247, INC.
c/o Statutory Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

And

LENDISTRY SBLC, LLC
c/o Statutory Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

And

HUNTINGTON NATIONAL BANK
Attn: Officer
17 S High Street
Columbus, Ohio 43215

And

FUNDING METRICS, LLC
c/o David Frascella, Officer
3220 Tillman Drive, Suite 200
Bensalem, PA 19020

And

FORA Financial Business Loans, LLC
Attn: Officer
1385 Broadway, 15th Floor
New York, NY 10018

Defendants.

**COMPLAINT TO (I) DETERMINE THE VALIDITY, PRIORITY AND EXTENT OF LIENS, AND (II) DETERMINE THE VALUE AND SECURED STATUS OF INTERESTS IN PROPERTY OF THE ESTATE**

**JURISDICTION AND VENUE**

1. The above-captioned adversary proceeding arises in and is related to the above-captioned bankruptcy case, which is currently pending under Chapter 11, Subchapter V, of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Ohio, known as case number 26-60830.
2. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. Debtor/Plaintiff consents to entry of final orders or judgment by the bankruptcy court in accordance with Bankruptcy Rule 7008(a).

5. Venue is proper under 28 U.S.C. § 1409.

6. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

7. Debtor/Plaintiff is authorized and has standing to bring this proceeding pursuant to 11 U.S.C. §§ 1106, 1107, 1108, and 1184.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On June 2, 2026, Debtor/Plaintiff commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor is continuing in possession of its property and is operating and managing its business, as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9. Debtor/Plaintiff is an active limited liability company formed under the laws of the State of Ohio.

10. The United States Small Business Administration ("SBA") is an independent agency of the United States Government.

11. Upon information and belief, the defendant, Funding Metrics, LLC d/b/a Lendini ("Funding Metrics"), is a corporation formed under the laws of the Delaware with a principal place of business in Pennsylvania, and is not registered as a foreign corporation authorized to do business in the state of Ohio.

12. Upon information and belief, the defendant, FORA Financial Business Loans, LLC ("FORA Financial"), is a corporation formed under the laws of the Delaware with a principal place of business in Pennsylvania, and is not registered as a foreign corporation authorized to do business in the state of Ohio.

13. Upon information and belief, the defendant, Huntington National Bank ("Huntington"), is a corporation authorized to do business in Ohio.

14. Upon information and belief, the defendant, Lendistry SBLC, LLC ("Lendistry"), is a corporation based in Los Angeles, California, and is authorized to do business in Ohio.

15. Upon information and belief, the defendant, Idea 247, Inc. ("Idea 247"), is a corporation based in Miami, Florida, and is authorized to do business in Ohio.

16. That Debtor/Plaintiff is indebted to SBA.

17. SBA issued a loan to Debtor/Plaintiff in August 2020.

18. That under the terms of the loan, SBA agreed to advance Debtor/Plaintiff a certain amount of money.

19. That upon information and belief, the loan agreements between the parties also provided that Debtor/Plaintiff granted to the SBA a security interest in all of its personal property ("Security Interest").

20. Upon information and belief, the Security Interest was granted to SBA in August 2020.

21. Upon information and belief, to perfect the Security Interest, the SBA filed a UCC Financing Statement with the Ohio Secretary of State on August 6, 2020, designated document number OH00244934841.

22. That Debtor/Plaintiff currently owes SBA approximately $350,112.00.

23. Plaintiff does not own any real estate or motor vehicles.

24. Plaintiff's primary assets consist of foodstuffs, cash on hand, kitchen fixtures, and a liquor license.

25. As set forth in Debtor/Plaintiff's bankruptcy schedules, the value of the assets is $64,439.50.

26. Upon information and belief, SBA has the first priority lien on Debtor/Plaintiff's property.

27. That upon information and belief, defendants Funding Metrics, FORA Financial, Huntington, Lendistry and Idea 247 (collectively, the "Junior Lienholders") may also claim to have a perfected interest in all of Plaintiff's assets as follows:

| Creditor | Approximate Amount Owed | Date of Perfection | UCC |
|---|---|---|---|
| Idea 247 | $10,517 | April 19, 2024 | OH00280989406 |
| Huntington | $49,900 | October 29, 2024 | OH00285555220 |
| Lendistry | $49,900 | June 16, 2025 | OH00290934413 |
| FORA Financial | $26,000 | April 1, 2026 | OH00297538157 |
| Funding Metrics | $40,256 | May 21, 2026 | OH00298825480 |

**COUNT I – Determination as to Validity, Extent, and Priority of Liens**

28. Debtor/Plaintiff incorporates each of the foregoing paragraphs as if fully restated herein.

29. The security interest held by SBA in Debtor/Plaintiff's property is first in priority.

30. Debtor/Plaintiff seeks a determination that the security interest of the SBA is first in priority and that all other liens are junior to SBA's lien.

**<u>COUNT II – Determination as to secured status of and to avoid the security interest of the Defendants in Debtor/Plaintiff's personal property pursuant to 11 U.S.C. § 506</u>**

31. Debtor/Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.
32. That 11 U.S.C. § 506(a) provides, in relevant part: "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 533 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."
33. 11 U.S.C. § 506(d) provides, in relevant part: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."
34. The fair market value of Debtor/Plaintiff's personal property is, as scheduled in Debtor/Plaintiff's petition, $64,439.50.
35. SBA's security interest only attaches to the extent of the value of Debtor/Plaintiff's property value.
36. Pursuant to 11 U.S.C. § 506(a), any interest claimed by SBA under the security interest is only secured to the extent of $64,439.50.
37. Any money owed to SBA above and beyond $64,439.50 is wholly unsecured due to the value of Debtor/Plaintiff's property.
38. The claims of all Junior Lienholders are wholly unsecured to to the value of Debtor/Plaintiff's property.

39. Debtor/Plaintiff seeks a determination and order from the Court determining the value of Debtor/Plaintiff's property to be $64,439.50, and that any claim made by SBA be determined to be partially secured in the amount of $64,439.50 and that any remaining money owed to SBA and each of the Junior Lienholders to be unsecured, and that the remaining unsecured security interests of the SBA and Junior Lienholders be determined and declared to be void and released, and that this Order apply to any Plan confirmed in this case.

**WHEREFORE**, Debtor/Plaintiff, Popovich Enterprises, LLC, respectfully Prays that this Honorable Court grants judgment in favor of Debtor/Plaintiff and against defendants, for the following:

A. An Order determining that the security interests of SBA are first priority; and
B. An Order determining that Debtor/Plaintiff's personal property is valued at $64,439.50 at the time the petition was filed; and
C. An Order determining that SBA's claim is partially secured in the amount of $64,439.50 pursuant to 11 U.S.C. § 506(a); and
D. An Order declaring that the remaining amount of money beyond SBA's secured amount and that the claims of the Junior Lienholders be deemed unsecured; and
E. An Order determining that the remaining security interest of SBA, above and beyond the $64,439.50, an that the security interests of the Junior Lienholders be determined and declared to be void and released pursuant to 11 U.S.C. § 506(d); and
F. That any Orders regarding the validity, extent, priority, and/or avoidance of security interest of the defendants be applied to any Plan that is ultimately confirmed by this Court; and

G. For any such other relief as this Court deems just and equitable.

Date: September 10, 2026

Respectfully submitted,

**RODERICK LINTON BELFANCE, LLP**

*<u>/s/ David A. Randolph</u>*
Steven J. Heimberger (0084618)
David A. Randolph (0099632)
50 South Main Street, 10th Floor
Akron, Ohio 44308
Telephone: 330-434-3000
Fax: 330-434-9220
Email: sheimberger@rlbllp.com
drandolph@rlbllp.com

Attorneys for Debtor/Plaintiff
Popovich Enterprises, LLC